**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REGINALD BINGHAM,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>CITY OF LAS VEGAS,<br><br>　　　　Defendant - Appellee. | No. 11-16364<br><br>D.C. No. 2:08-cv-01861-JCM-RJJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted April 17, 2013[**]
San Francisco, California

Before:  KOZINSKI, Chief Judge, and GRABER and CHRISTEN, Circuit Judges.

After trial, a jury found by special verdict that Plaintiff Reginald Bingham did not suffer from a "disability" within the meaning of the Americans with Disabilities Act of 1990 ("ADA").  We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

1. Because Plaintiff "did not file a pre-verdict motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, . . . [he] has not preserved a challenge to the sufficiency of the evidence to support the verdict." F.B.T. Prods., LLC v. Aftermath Records, 621 F.3d 958, 962 (9th Cir. 2010) (internal quotation marks omitted).  For the reasons discussed below, we also hold that the district court did not commit plain error in denying Bingham's post-trial Rule 50 motion.  See Image Technical Servs., Inc. v. Eastman Kodak Co., 125 F.3d 1195, 1212 (9th Cir. 1997).

2. The district court did not abuse its discretion when it denied Plaintiff's motion for a new trial because there was substantial evidence to support the jury's verdict.  See DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1218 (9th Cir. 2010).

Plaintiff alleged that he was substantially limited in the major life activities of working and performing manual tasks.  See 42 U.S.C. § 12102(1).  To be substantially limited in the major life activity of working, Plaintiff's impairment must preclude him from employment in a broad range of jobs.  Josephs v. Pac. Bell, 443 F.3d 1050, 1063 (9th Cir. 2006).  To be substantially limited in the major life activity of performing manual tasks, his impairment must prevent or substantially restrict him from doing activities that are of central importance to

most people's daily lives.  <u>Thornton v. McClatchy Newspapers, Inc.</u>, 292 F.3d 1045, 1046 (9th Cir. 2002).

Plaintiff's injury required only a few restrictions in his job:  "no lifting over 35 pounds, no bending or stooping, no climbing ladders or steep terrain [with] over [a] 30-degree incline, occasional climbing [of] stairs, and no walking on unstable surfaces."  And, although Plaintiff testified that his injured knee prevented him from walking on inclines or rocks, he also testified that he could walk on concrete and grass.  Thus, the evidence supported the jury's conclusion that Plaintiff did not suffer from a "disability" within the meaning of the ADA because he was not precluded from employment in a <u>broad range</u> of jobs and was not <u>substantially</u> restricted from activities that are of <u>central importance</u> to most people's daily lives. Finally, we are unaware of any authority that supports Plaintiff's argument that the City's earlier accommodation of his injury required the jury to find that he actually had a "disability" within the meaning of the ADA.

**AFFIRMED.**